**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOHN ROBINSON,

   Petitioner,   Civil No. 11-6074 (CCC)

v.

CHRISTOPHER HOLMES, et al.,   **OPINION**

   Respondents.

**APPEARANCES:**

John Robinson, <u>Pro</u> <u>Se</u>
216331
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

Carolyn A. Murray
Essex County Prosecutor's Office
50 West Market Street
Newark, NJ 07102
Attorney for Respondents

**CECCHI, District Judge**

  Petitioner John Robinson ("Petitioner"), a prisoner currently confined at the South Woods State Prison, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Administrator Christopher

Holmes and the Attorney General of New Jersey. For the reasons stated herein, the Petition will be dismissed.

## I. BACKGROUND

Petitioner was convicted of first degree kidnapping, robbery, and criminal restraint on July 21, 1991 in Essex County, New Jersey. (Answer, Exhibit 2). The dates for calculating the timeliness of the pending Petition are as follows:[1]

- June 21, 1991 (Judgment of Conviction) (Ans., Ex. 2)
- December 11, 1992 (conviction affirmed by the Superior Court of New Jersey, Appellate Division) (Ans., Ex. 5)
- July 10, 2001 (petition for certification from New Jersey Supreme Court denied) (Pet., ¶ 9)
- October 9, 2001 (last day for Petitioner to file for writ of certiorari with United States Supreme Court- Petitioner did not do so.)
- November 15, 2005 (post-conviction relief ("PCR") motion filed) (Ans., Ex. 9)
- June 19, 2009 (PCR motion denied) (Ans., Ex. 10)
- January 11, 2011 (PCR motion affirmed by Appellate Division) (Ans., Ex. 13)

---

[1] While some portions of the petition are unreadable, the pertinent dates are clear.

2

- May 19, 2011 (petition for certification from New Jersey Supreme Court denied)

This habeas petition was filed on October 11, 2011 (ECF No. 1). Petitioner was advised of his rights pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), on May 23, 2012 (ECF No. 6). An Order to Answer was issued on August 16, 2012 (ECF No. 8).

On August 28, 2012, Respondents answered the petition and filed the state court record, raising the statute of limitations as an affirmative defense (ECF No. 10). Petitioner did not file a reply or traverse.

## II. STANDARD OF REVIEW

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

## III. STATUTE OF LIMITATIONS ANALYSIS

The limitations period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

3

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from ...
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

The limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of §

4

2244(d)(2), and the limitations period is statutorily tolled, from the time it is initially filed "to the final disposition by the highest court (whether decision on the merits, denial of certiorari, or the expiration of the period of time to seek further appellate review)." *Swartz*, 204 F.3d at 422; see also *Carey v. Saffold*, 536 U.S. 214 (2002). Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. Dist. Attorney of the County of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

Here, without even having to decide whether the limitations period would have been tolled during the times when Petitioner sought post-conviction relief of certain state court decisions, this Court finds that Petitioner allowed his one year limitations period to elapse. Specifically, more than four years elapsed between October 9, 2001 (when Petitioner's time for seeking a writ of certiorari in the United States Supreme Court on direct appeal expired) and November 15, 2005 (when his PCR motion was filed in New Jersey state court). As such, the tolling provision of § 2244 does not apply to Petitioner-- his time period had expired prior to his filing of his state PCR motion.

Petitioner has not filed a reply or traverse to challenge Respondents' argument that the matter is time-barred. Thus, while a petitioner may be able to overcome a statutory time bar if he or she can show that the limitations period did not expire as determined by this Court, or if he or she can show a basis for equitable tolling, *see Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999); *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618 (3d Cir. 1998), Petitioner here has not made such a showing.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005). The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *La Cava v. Kyler*, 398 F.3d 271, 275-76 (3d Cir. 2005), Mere excusable neglect is not sufficient. *See id.*; *Miller*, 145 F.3d at 618-19; *Jones*, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).[2] Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir.) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir.2000)), cert. denied, 539 U.S. 948 (2003).

Petitioner has not shown that he exercised reasonable diligence in light of any extraordinary circumstances and,

---

[2] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. *See Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002), *cert. denied* 538 U.S. 1022 (2003); *Fahy*, 240 F.3d at 244.

therefore, has shown no basis for equitable tolling. Accordingly, the petition is time-barred and shall be dismissed.[3]

## IV. CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons discussed above, this § 2254 habeas petition is time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this

---

[3] Petitioner may move to reopen this case should he wish to argue that equitable tolling should apply and toll his limitations period.

conclusion. Consequently, a certificate of appealability will not be issued.

## V. CONCLUSION

For the reasons set forth above, the Petition must be dismissed. An appropriate order follows.

                                             _____
                                             CLAIRE C. CECCHI
                                             United States District Judge

Dated: July 31, 2013